[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
The plaintiff-appellant, Krienik Advertising, Inc., appeals from the decision of the trial court denying Krienik attorney fees in a claim filed against the defendants-appellees, Gator Forest Partners Ltd. and Gator Partners, Inc. ("Gator"). In its two assignments of error, Krienik argues that the trial court, in essence, "rubberstamped" the decision of the magistrate who had initially considered the evidence, and that the magistrate had erred by concluding that the evidence fell "far short of establishing an agreement on the part of [Gator] to pay plaintiff's attorneys fees and costs." For the reasons that follow, we affirm.
Initially, we note that the only apparent basis of Krienik's claim that the trial court failed to undertake a de novo review of the magistrate's decision is the trial court's agreement with the magistrate. Thus, we turn to the real source of contention in this case, which is the magistrate's decision, later adopted by the trial court, that Krienik had failed to establish that the parties had agreed that Gator would pay Krienik's attorney fees.
The basis of Krienik's claim for attorney fees was a small-print boilerplate provision that appeared in four documents, each of which was entitled "Media Estimate." The print of the provision was miniscule but legible, although perhaps not to anyone more than slightly myopic or in need of reading glasses. The text stated, "You agree to pay any legal fees and court costs which we might incur in the collection of any outstanding balance." The estimates were signed by Cindy Morr, an employee of Gator, who conceded that she did not consider the provisions illegible. But Gator's president, James A. Goldsmith, stated that he was unaware of what he described as the "illegible small print" of the provisions and that he would never have agreed to them had he been aware of their existence.
Gator also disputed the relevance of the four estimates, asserting that the company had an oral, not written, contract with Krienik for a $1,000 monthly retainer. According to Gator, the estimates were not the basis of the agreement between them, and that, even if accepted at face value, they related to only four of the fifteen advertising projects that were the subject of Krienik's suit.
The magistrate agreed with Gator regarding the oral nature of the contract between Krienik and Gator, specifically finding that "no written agreement existed" for the advertising work. Although the magistrate allowed that Goldsmith's affidavit may have been self-serving, the magistrate concluded that the four written estimates were not persuasive evidence that the parties had reached an agreement for Gator to pay Krienik's attorney fees.
On appeal, Krienik argues that, because the minuscule print of the fee-shifting provision was not, in fact, illegible, and because Cindy Morr undeniably signed the four estimates, they constituted a binding contract. Although Krienik cites case law to buttress its position, these cases are distinguishable since they involved a fee-shifting provision that was clearly part of a single, unified, fully integrated written contract between the parties. See, e.g., Cosmco, Inc. v. Head, Inc. (1990), 70 Ohio App.3d 544, 591 N.E.2d 803; Vincent v. Neyer dba ArthurMurray Franchised Danced Studio (Sept. 28, 2000), Franklin App. No. 00AP-344, unreported. Here, however, the magistrate specifically found that Krienik performed advertising services for Gator pursuant to an oral contract, and that "no written agreement existed" between the parties. Krienik, in other words, failed to persuade the fact finder that the four estimates had been integrated into the oral contract by which the parties normally operated.
Although Krienik argues that the trial court's decision was contrary to law and the weight of the evidence, the determination of the oral nature of the contract between the parties was a question of fact. We find no basis to conclude that the trial court's resolution of the conflicting evidence was based upon insufficient evidence or contrary to the manifest weight of that evidence. Accordingly, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
GORMAN, P.J., SUNDERMANN and WINKLER, JJ.